## Savings Bank Club Stamps

ANNE X. ALPERN, Attorney General, and FREDER-
ICK G. ANTOUN, Deputy Attorney General, August
24, 1961.—You have requested the advice of this de-
partment as to whether a bank, a bank and trust com-
pany or a savings bank may operate a Christmas club,
a vacation club or other similar savings plans by issu-
ing stamps in various denominations to the individual
saver. The operation of the plan involves the opening
of an account by an individual in a particular amount.
The bank issues a folder to the individual and records
the maximum amount which the individual will save
in the particular plan. Thereafter, each time the de-
positor desires to add to his savings, he will purchase
a stamp from the bank or a duly authorized branch
and affix the stamp to the folder.

You have informed this department that the ques-
tion was raised in 1942. In a letter written by Deputy
Attorney General Orville Brown to the Western Sav-
ings Fund Society, it was held that the banking insti-
tution could not adopt the plan on the ground that the
escheat laws could not properly operate under this
procedure because the bank would not have a complete
record of its deposits. We do not reach this informal
conclusion.

The applicable section of the Banking Code of May
15, 1933, P. L. 624, art. IX, sec. 901, reads as follows:

"A. Every institution shall keep complete records
of all deposits made in it. Such deposits shall consti-
tute liabilities of the institution and shall be so carried
upon its books or other records.

"B. Every institution shall furnish to each deposi-
tor a receipt in full, by pass book or otherwise, for all
deposits made by him."

The first paragraph of this section requires a com-
plete record of the deposits and liabilities of the bank-
ing institution. There is nothing in the plan as sub-
mitted which would indicate that the banking institu-

tion would not at all times have a complete record of its deposits and liabilities. While under the stamp plan the bank does not have a record of each individual to whom it is obligated because of stamp purchases, the banking institution does have a complete record of its total liabilities and deposits. The Federal government has engaged in the stamp plan sale with regard to savings bonds on a much larger scale over a period of 20 years without any difficulties.

Subsection B of the law requires that the individual be given a receipt in full by passbook or otherwise. The stamp given to the individual to affix to his folder or booklet is a receipt. Taken individually, each stamp is a receipt in full for each separate deposit. Taken collectively, when properly affixed to the booklet or folder, all of the stamps represent a receipt in full for all deposits made by an individual depositor.

A bank can operate a stamp Christmas club, a stamp vacation club or other similar savings plans on a stamp basis without violating section 901 of the Banking Code as long as the bank is at all times aware of its total deposits and liabilities and issues a receipt at each time a deposit is made.

We do not believe any substantial difficulties with regard to the operation of the escheat laws will arise. From the operation described, we see no difficulty in the operation of the escheat laws. Each individual Christmas fund saver must apply for a Christmas account in a particular amount and a record must be kept of all stamp purchasers. The bank would escheat the total amount of funds unclaimed in the names of the individuals who did not receive payment. The individual, by presenting his stamp book, can then claim the return of the money from the Commonwealth after escheat.

We believe the plan is workable and fully protects the depositors, the Commonwealth and the bank.